**Tigran GREGORIAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72746.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Artem M. Sarian, Glendale, CA, for Petitioner.

Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.   R.App. P. 34(a)(2).

Before O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

### MEMORANDUM **

Tigran Gregorian, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order independently affirming an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review factual findings by evaluating whether they are supported by substantial evidence, and will uphold the BIA's decision unless the record compels a contrary conclusion. *See Malhi v. INS*, 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

■ Substantial evidence supports the BIA's factual finding in this case. *See Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). Gregorian's claims of generalized past persecution on account of his Iranian heritage and his father's membership in the Armenian National Movement amount to harassment and do not rise to the level of persecution. *See Padash v. INS*, 358 F.3d 1161, 1165–66 (9th Cir.2004). The record does not compel a conclusion that Gregorian suffered from past persecution based on either national origin or political opinion. *See Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir.1998).

■ Moreover, Gregorian's claims of being physically abused while in the Armenian Army by military officers on one occasion because of his refusal to pay a bribe and of receiving threats if he disclosed the names of military officers who killed a military comrade are not based on race, nationality, religion, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42)(A), 1158(b); *Navas v. INS*, 217 F.3d 646, 656 (2000).

Accordingly, the BIA's finding that Gregorian failed to show past persecution or a reasonable likelihood of future persecution on account of an enumerated, protected ground is supported by the record. *See Padash*, 358 F.3d at 1166–67.

Because Gregorian failed to establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See id.* at 1167.

As Gregorian relies on the same evidence, and points to no additional evidence the BIA should have considered regarding the likelihood of torture if returned to Armenia, Gregorian's CAT claim also must fail. *See Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001).

### PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.